IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TROY DOUGLAS STROMBERG TOMPKINS**,<br><br>  Plaintiff,<br><br> v.<br><br>**STATE OF OREGON, et al.**,<br><br>  Defendants. | Case No. 3:26-cv-00079-IM<br><br>**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Troy Douglas Stromberg Tompkins's Application to Proceed in Forma Pauperis ("IFP Application"), ECF 2, and his Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), ECF 3. Plaintiff is suing the State of Oregon, the Oregon Judicial Department, and others based on events largely surrounding the State's ongoing criminal prosecution against Plaintiff. Complaint ("Compl."), ECF 1 at 2; *id.* ECF 1-7 at 44–58. For the following reasons, this Court grants Plaintiff's IFP application and

PAGE 1 – SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

dismisses Plaintiff's Complaint, ECF 1, with leave to amend. This Court denies Plaintiff's TRO Motion and his request for appointment of "civil rights counsel." TRO Motion, ECF 3 at 18.

## STANDARDS

A complaint filed in forma pauperis ("IFP") may be dismissed at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In addition, dismissal is warranted if a complaint violates Rule 8 of the Federal Rules of Civil Procedure. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Courts must construe pro se filing liberally, but the Court cannot supply essential elements of a claim that are not pled. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022); *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## DISCUSSION

Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, this Court grants Plaintiff's IFP Application pursuant to 28 U.S.C. § 1915(a). Plaintiff's Complaint does not comply with Rule 8, so it fails to state a claim of relief. Plaintiff has not demonstrated a likelihood of success and, therefore, is not entitled to a temporary restraining order or appointment of counsel. Plaintiff is granted leave to amend. Any amended complaint must conform with this Order.

### A.  Federal Rule of Civil Procedure 8(a)(2)

Plaintiff does not meet the threshold for stating a claim for relief. Under Federal Rule of Civil Procedure 8(a)(2), every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is necessary to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pac. Coast Fed'n of Fishmen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir.

2019) (citation modified). A complaint that is "verbose, confusing and almost entirely conclusory" violates Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

The Complaint here fails to provide fair notice to Defendants because it provides only broad allegations that leaves this Court wondering what conduct of which Defendants is at issue. For example, Plaintiff asserts that approximately 15 police officers "participated in unlawful detention and cruel punishment." Compl., ECF 1 at 9–10. Threadbare allegations that Plaintiff was "detained without probable cause" and "denied access to phone" are insufficient to make out claims for "unlawful detention and false imprisonment" against these 15 officers. *Id.* at 28–29. This is especially problematic since Plaintiff's allegations span 2,132 days and because he alleges that he has been "detained multiple time[s] without cause." *Id.* at 4. Plaintiff cannot lump together multiple defendants with broad, conclusory allegations. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) ("A complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." (citation modified)). Similar claims and allegations are repeated through the 45 pages of his complaint spanning 12 claims and over 35 defendants. *See generally* Compl., ECF 1.

Plaintiff has some concrete allegations, but they are still impermissibly mixed with broad allegations in claims against multiple Defendants. For example, Plaintiff alleges he was subject to "strappado torture" during his February 2025 arrest. *Id.* at 4, 17–18, 31. These allegations are specific enough for the Court to understand some of the conduct at issue, and they may ultimately support an excessive force claim against certain officers. But the strappado torture allegations are mixed with broader allegations in a "cruel and unusual punishment" claim against "Yamhill County Correctional Facility," "John Does (jailers)," "Yamhill Behavioral Health,"

"Oregon State Hospital," and "judicial officers." *Id.* at 31. Under this claim, there are also allegations for "denying medical care for documented injuries," "denying sleep through harassment," and "forced medication." In short, this Court again cannot "determine from the complaint who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). This Court therefore dismisses the Complaint under Federal Rule of Civil Procedure 8(a)(2).

**B.  *Winter Factors*–Likelihood of Success**

To obtain a TRO or preliminary injunction ("PI"), a party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis of a TRO and a PI are "substantially identical"). If Plaintiff "fail[s] to show a likelihood of success on the merits," this Court "need not consider the remaining *Winter* factors." *Babaria v. Blinken*, 87 F.4th 963, 980 (9th Cir. 2023) (citing *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Plaintiff's requested injunctive relief appears to stem from an ongoing state prosecution against Plaintiff. Plaintiff requests a TRO prohibiting "(1) revocation of release without evidentiary hearing; (2) further detention without probable cause; (3) interference with his access to experienced federal civil rights counsel; and (4) continued prosecution absent authenticated evidence." TRO Motion, ECF 3 at 2–3; *id.* at 20 (also requesting, for example, that this Court prohibit "forced psychiatric evaluations" and require "production of wet-ink warrant").

Absent "extraordinary circumstances" federal courts cannot enjoin pending state criminal prosecutions under *Younger v. Harris*, 401 U.S. 37, 53 (1971). Plaintiff has not sufficiently

PAGE 4 – SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

demonstrated any such extraordinary circumstances exist here. This Court also cannot order Plaintiff's release under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("A prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (citation omitted)). Pre-trial state defendants must challenge their detention either through state process or a federal habeas petition pursuant to 28 U.S.C. § 2241. *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). On the record before this Court, Plaintiff has not shown a likelihood of success, and the Court must deny his request for a TRO or PI at this time.

**C. Motion to Appoint Counsel**

Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770–71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), if there are "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilson v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate a plaintiff's (1) likelihood of success on the merits, and (2) ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.*

As noted above, this Court cannot assess Plaintiff's likelihood of success on the merits of his Complaint because it cannot identify the basis for Plaintiff's claims against each Defendant. For the same reasons, this Court cannot determine whether his claims present complex legal issues. This Court therefore denies the motion for appointment of counsel. Should Plaintiff file an amended complaint curing the deficiencies described in this Order that survives any subsequent screening by this Court, he may request that this Court reconsider his request to appoint counsel.

**D.  Leave to Amend**

Because this Court dismisses Plaintiff's Complaint, it must decide whether to grant leave to amend. A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Dismissal without leave to amend is appropriate where "amend[ment] would be futile because the plaintiffs cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Futility exists where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted).

Plaintiff is granted leave to amend.[1] Plaintiff's amended complaint should not include broad allegations that group together many defendants, especially where the claims against those defendants are based on different theories of liability. Plaintiff should also note that the statute of limitations for Section 1983 and 1985 actions is generally two years. *Shepard v. City of Portland*, 829 F. Supp. 2d 940, 959 (D. Or. 2011)("[C]laims made under section 1983 are subject to Oregon's general two year statute of limitations."); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991) ("[S]uits under § 1985(3) are . . . governed by the same statute of limitations as actions under § 1983.")

**CONCLUSION**

Plaintiff's application for leave to proceed in forma pauperis, ECF 2, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED with leave to amend. Plaintiff's Emergency

---

[1] Plaintiff may find it helpful to familiarize himself with the District of Oregon's resources for litigants without lawyers, which includes a "Handbook for Self-Represented Parties." *Representing Yourself*, U.S. Dist. Ct., https://ord.uscourts.gov/index.php/representing-yourself (last updated Nov. 21, 2024). He may also consult a manual prepared by the Federal Bar Association, *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* (2019), available at https://www.fedbar.org/for-the-public/.

Motion for Temporary Restraining Order and Preliminary Injunction, ECF 3, is DENIED. Plaintiff may amend his Complaint in accordance with this order within twenty-one (21) days and no later than February 16, 2026. Plaintiff's request to appoint counsel is DENIED. Plaintiff may request reconsideration of appointment of counsel, if his amended complaint proceeds past screening. Plaintiff's failure to timely amend his Complaint may result in this case being dismissed.

**IT IS SO ORDERED.**

DATED this 26th day of January, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge